UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

   Plaintiff,

 v.                                           Case No. 23-CV-151

MELISSA A. JOHNSON,
NURSE READRICK, HSM GUGLER,
and JOHN DOE,

   Defendants.

## ORDER SCREENING THE COMPLAINT

On February 6, 2023, plaintiff Robert Reifschneider, who is incarcerated at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve Reifschneider's motion to proceed without prepaying the filing fee and to screen the complaint in light of Reifschneider's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# MOTION FOR LEAVE TO PROCEED
# WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Reifschneider was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On December 28, 2021, Reifschneider filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On April 10, 2023, the court received payment of the full $402.00 filing fee. As such, the court will deny Reifschneider's motion to proceed without prepayment of the filing fee as moot.

# SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Reifschneider was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Reifschneider's Allegations*

Reifschneider alleges that defendant APNP Melissa Johnson is denying him Gabapentin and special medical shoes. (ECF No. 1 at 5-6). While not explicitly stated, Reifschneider appears to suffer from chronic foot pain. He also states that defendant HSM Gugler is aware that Johnson is not providing him appropriate medical care. (*Id.* at 3.)

*Analysis*

Reifschneider claims that the defendants have violated his Eighth Amendment rights. However, he appears to attempt to incorporate two previous cases, Case No. 18-cv-1105 and Case No. 18-cv-146, by reference within his complaint. It is unclear to the court what the new allegations are against the defendants because Reifschneider does not include timelines or specific events that occurred after his two cases were resolved. At best, he alleges that at some point, Johnson refused him medication, and Gugler knew about it, but these allegations are insufficient to state a claim because they are too vague.

Because of the confusion of the timeline and the vagueness of his allegations, the court will provide Reifschneider an opportunity to amend his complaint to include allegations about what the defendants did or did not do to him and when. Reifschneider should not reference old cases as those cases have no bearing on his new lawsuit. He simply needs to provide the court and each defendant with notice of what each defendant allegedly did to violate Reifschneider's rights and when these events occurred. If Reifschneider does not know the name of the defendant who

4

alleged violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Reifschneider will have an opportunity to conduct limited discovery to determine the defendants' identity.

The court is enclosing a copy of its complaint form and instructions. Reifschneider must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Reifschneider may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Reifschneider cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Reifschneider does not file an amended complaint by the deadline specified below, the court will dismiss his case for failure to state a claim upon which relief may be granted.

The court also notes that Reifschneider asks the court to appoint him attorney for the reasons stated in his two prior cases. Because this case is new and Reifschneider is in different circumstances, he must file a separate motion to recruit counsel and explain the efforts he made to obtain counsel on his own and why he is unable to litigate the case himself.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Reifschneider's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Reifschneider may file an amended complaint that complies with the instructions in this order on or before **June 23, 2023**. If Reifschneider files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Reifschneider does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Reifschneider a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Reifschneider is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Reifschneider is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Reifschneider' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2023.

BY THE COURT,

_____
NANCY JOSEPH
United States Magistrate Judge