UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

    Plaintiff,

 v.                                  Case No. 23-CV-151

MELISSA A. JOHNSON,
NURSE READRICK, HSM GUGLER,
and JOHN/JANE DOES,

    Defendants.

### ORDER SCREENING THE AMENDED COMPLAINT

On February 6, 2023, plaintiff Robert Reifschneider, who is incarcerated at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On June 2, 2023, the court screened the complaint and determined that Reifschneider failed to state a claim upon which relief could be granted. (ECF No. 10.) However, the court gave Reifschneider the opportunity to amend his complaint. After several extensions, Reifschneider filed an amended complaint on January 2, 2024. (ECF No. 15.)

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Reifschneider was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Reifschneider's Allegations*

Reifschneider alleges that for the past ten years, he has had several health issues, including an Achilles tendon tear that resulted in needing pain medication, special shoes, and a bunk restriction; asthma; and mental health issues that require medication. (ECF No. 15, ¶¶ 8-13.) Reifschneider states that when he was previously incarcerated, the Wisconsin Department of Corrections (DOC) previously knew about and addressed these medical needs because he filed a lawsuit about them.(*Id.*, ¶ 7.)

In early November 2022, Reifschneider was reincarcerated and sent to Dodge Correctional Institution. (ECF No. 15, ¶ 15.) At intake, he told the Health Service Unit staff of all of his medical issues. (*Id.*, ¶ 16.) That same day, he was placed in segregation because of a mental health episode. (*Id.*, ¶ 17.) Throughout the month of November 2022, Reifschneider tried to get medical attention for his prior health issues and an issue where his neck swelled up to the size of a grapefruit. (*Id.*, ¶ 18-

3

20.) He finally saw defendant Nurse Readrick, who instead of treating him, allegedly told him he was faking his medical issues to "use the system" and also threatened him. (*Id.*, ¶ 25.) He also had a physical with Advanced Nurse Practitioner Melissa A. Johnson, and when he told her about his ongoing medical issues, specifically his issues with his Achilles tendon, she refused to treat him. (*Id.*, ¶ 26.) He states that at one point in December 2022, his asthma was acting up, and while an unknown nurse put him on a nebulizer, he never saw a doctor or advanced care provider. (*Id.*, ¶ 30.) Around that same time, he was also puking blood, but Readrick did not do anything about it. (*Id.*, ¶ 31.) As of the date of his amended complaint, Reifschneider states that he still has not been given an inhaler or any of his medication. (*Id.*, ¶¶ 32-36.)

*Analysis*

Reifschneider claims that the defendants have violated his Eighth Amendment rights. At the outset, Reifschneider does not include any allegations stating what defendant Health Services Manager Gugler did or did not do in providing him treatment. Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. As such, Gugler is dismissed.

Turning to the remaining defendants, there are four elements to a deliberate indifference claim under the Eighth Amendment. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). First, "there must be a risk of harm to the plaintiff that is so

4

objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Id*. Second, "the defendant must 'know' of the risk (put differently, he must possess subjective awareness that the risk exists)." *Id*. Third, "the defendant's response to the risk must be so inadequate as to constitute 'disregard' of (or deliberate indifference toward) the risk." *Id*. Finally, "the plaintiff must prove that the defendant's deliberate indifference actually *caused* his injury." *Id*. (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

At this stage, Reifschneider sufficiently states an Eighth Amendment deliberate indifference claim against Johnson and Readrick. He states that he told them of his ongoing health issues, and they refused to treat him or provide him his necessary medications. The court acknowledges that Reifschneider's amended complaint was slightly vague as to exactly what ailments he complained of, so going forward, he will have to demonstrate that Johnson and Readrick failed to treat objectively serious medical issues. As for the Doe defendants, Reifschneider does not clearly identify any Does who were also deliberately indifferent to his medical needs, so he may not proceed against any Doe defendants.

**THEREFORE, IT IS ORDERED** that defendants HSM Gugler and John/Jane Doe are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Melissa A. Johnson and Nurse Readrick. It is **ORDERED** that, under

5

the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Reifschneider is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Reifschneider is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Reifschneider'

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 31st day of January, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7

Case 2:23-cv-00151-NJ   Filed 01/31/24   Page 7 of 7   Document 16